NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JASON M. COHEN, M.D., F.A.C.S., as authorized representative of D.R., as assignee of D.R., : : : : Plaintiff, : : v. : : QUALCARE, INC., et al., : : Defendants. : | CIVIL ACTION NO. 14-5553 (MLC)<br><br>**MEMORANDUM OPINION** |

**THE PLAINTIFF** medical provider brought an action ("First Action") pursuant to the Employee Retirement Income Security Act ("ERISA") to recover payment for medical services provided to a beneficiary ("Services") of an employee benefit plan ("Plan"), asserting that the plaintiff: (1) submitted a claim for the Services for $55,334.00; (2) was paid only $1,939.07 by the Plan; and (3) is entitled to payment from the Plan for the $53,394.93 that remains unpaid. See No. 13-2487 (D.N.J.). The Court dismissed the complaint in the First Action because ERISA did not apply, but granted the plaintiff leave to assert the claims pursuant to state law in a new action in state court. See Cohen v. Qualcare, Inc., No. 13-2487, 2014 U.S. Dist. LEXIS 89281, at *1–3 (D.N.J. July 1, 2014). The defendants — Qualcare, Inc., and Norglen, Inc. — separately appealed from the

dismissal in the First Action.  See No. 14-3462 & No. 14-3463 (3d Cir.).  Those appeals remain pending before the United States Court of Appeals for the Third Circuit.

**THE PLAINTIFF** then brought a new action relying solely on state law to recover payment for the Services in state court ("Second Action").  (See dkt. entry no. 1, Compl.)  The defendants argue that ERISA preempts the claims in the Second Action, and have removed the Second Action.  (See dkt. entry no. 1, Notice of Removal at 2–3.)

**THE DEFENDANTS** now move to stay the Second Action pending the outcome of the appeals in the First Action.  (See dkt. entry no. 6-1, Br. of Norglen, Inc.; dkt. entry no. 7, Letter of Qualcare, Inc.)  The plaintiff argues that ERISA does not preempt the Second Action, and cross-moves to remand and for an award of costs.  (See dkt. entry no. 12-1, Pl. Br.)  The Court will not conduct oral argument.  See L.Civ.R. 78.1(b).

**ERISA** does not preempt the Second Action.  See Cohen, 2014 U.S. Dist. LEXIS 89281, at *2–3 (citing case law from the United States Court of Appeals for the Third Circuit).  The Court thus intends to remand the Second Action.  But in view of the circumstances here, the Court will exercise the "broad discretion" to deny the plaintiff an award of costs.  See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).

**THE COURT** will therefore: (1) grant the part of the cross motion seeking remand; (2) deny the part of the cross motion seeking an award of costs; (3) deny the motion to stay; and (4) remand the Second Action.  The Court, in denying the motion to

stay, does so without prejudice to the defendants to move for the same relief in state court upon the remand of the Second Action.

      **THE COURT** will issue an appropriate order and judgment.

                                                           s/ Mary L. Cooper  
                                                          **MARY L. COOPER**  
                                                          United States District Judge

Dated:  December 15, 2014